# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| DONALD WEBSTER WELLS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV411-137 |
| SAVANNAH CHATHAM METROPOLITAN POLICE; JOHN McNAMARA, *et al.*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Saddled with two dismissed inmate civil rights actions that qualify as strikes under 28 U.S.C. § 1915(g),[1] *Wells v. Unnamed Defendant*,

---

[1] Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. In order to proceed IFP, however, serial filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is

CV408-230, doc. 8 (S.D. Ga. Feb. 27, 2009); *Wells v. Petit*, CV408-253, doc. 7 (S.D. Ga. Jul. 15, 2009), Donald Webster Wells just filed another one.[2] Currently being prosecuted under a felony burglary indictment, *see* attached state court docket pages, he alleges that while he was in jail defendant John McNamara served him with a warrant (for what Wells does not say). McNamara "did not have the warrant fill[ed] out all the way and some of the information was wrong on the warrant." Doc. 1 at 5.

---

barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Wells is striking out with this lawsuit. Future lawsuits thus face the § 1915(g) bar.

2   Having completed his IFP paperwork, docs 4 & 5, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii) (allows a district court to sua sponte dismiss a claim of an a plaintiff proceeding in forma pauperis for failure to state a claim before service of process). The Court also proceeds under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief) and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 1 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations advance nothing. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S.Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (but *pro se* pleadings are still construed liberally after *Iqbal*).

Plaintiff's efforts to address that defect bought him only a meeting with a public defender, who advised him "to take a deal for 4 year[s] to be served." *Id.* He seeks no damages: "I would like for the warrant and the charge be dismiss[ed] and removed from my records and or the one's [sic] in this case to be countable [sic] for there [sic] actions." *Id.* at 6.

At bottom, Wells states no claim. He does not plead what the "defective" warrant says or does, let alone how it or the defendant police officer who brought it to him in any way infringes his civil rights. Note, too, that plaintiff links all of his other defendants (a judge, a prosecutor, a public defendant and the court system itself, doc. 1 at 4), to *no* alleged wrongs, let alone anything actionable like a conspiracy claim. *See Am. Fed. of Labor and Congress of Indus. Organizations v. City of Miami, Fla.*, 637 F.3d 1178, 1191 (11th Cir. 2011) (to prevail on § 1983 conspiracy claim, plaintiff must show that agreement between two or more people, at least one of whom is state actor, to violate his constitutional rights resulted in actual violation of those rights).

Nor does it appear likely that, if given a chance to re-plead, Wells could salvage this case. For "Relief" he seeks *only* the immediate release

from confinement. Doc. 1 at 6. Hence, Wells at best advances a habeas petition under § 2241. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). He thus must first exhaust his state court remedies.[3] To the extent he advances a 2241 petition, it still

---

3   Wells does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Wells' claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

4

fails as it is subject to immediate dismissal for lack of exhaustion.[4]

This case therefore must be **DISMISSED.** Meanwhile, it is time for Wells to pay the piper. Based on his furnished information, doc. 4 ($42.23 average monthly balance for the last two months), the Court has determined that he has had funds in his prison account during the past two months and therefore owes an initial partial filing fee of $8.45. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian (or designee) therefore shall deduct $8.45 from Wells' account and remit to the Clerk of Court (payable to the "Clerk of Court") when enough additional payments are added to reach $10.00. The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current

---

4 Wells has failed to plead any supporting facts to support a federal injunction against a bad faith criminal prosecution. *See Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b). Meanwhile, Donald Wells has now struck out under § 1915(g).

**SO REPORTED AND RECOMMENDED** this  8th  day of November, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



### Chatham County, GA
### Eastern Judicial Circuit of Georgia

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

November 01, 2011    Location: Case Details         Input your search...

**CASE LOOKUP**

**COURT FORMS**

**COURT FEES**

**MAP & DIRECTIONS**

**JURY SERVICES**

**SITE SEARCH**

## Case Details

### State
### VS.
### WELLS, DONALD WEBSTER

- Case Events
- Charges
- Parties
- Proceedings

**Case Information**

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR111640 |
| Case Type: | BURGLARY |
| Judge: | HON. PENNY H. FREESEMANN |
| Assistant District Attorney: | SARAH MOORHEAD |
| Date Filed: | 7/20/2011 |
| Status: | ACTIVE - |

**Defendant Information**

| | |
|---|---|
| Name: | WELLS, DONALD WEBSTER |
| DIN: | X0059461 |
| Gender: | MALE |
| Race: | WHITE |
| Height: | 72 |
| Weight: | 170 |
| Eyes: | BLUE |
| Hair: | BLOND/STRAWBERRY |



Click for large Picture

**Defendant History**

**Attorney Information**

GILBERT L STACY
540 East Oglethorpe Ave
SAVANNAH, GA
31401

**Bondsman Information**

N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 11/1/2011 | 2:00PM | MOTION HEARING (MTH) | PENNY FREESEMANN | |
| 9/19/2011 | 10:00AM | PRETRIAL CONFERENCE | PENNY FREESEMANN | |
| 9/6/2011 | 2:30PM | STATUS CONFERENCE HEARING | PENNY FREESEMANN | |
| 8/8/2011 | 09:00AM | CALENDAR CALL | PENNY FREESEMANN | |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-7-1 | BURGLARY | 1 | FELONY | 5/3/2011 10:21:25 AM | |

[Return to Top]

### Proceedings

| | | | | |
|---|---|---|---|---|
| 11/1/2011 | 2:00PM | MOTION HEARING (MTH) | PENNY FREESEMANN | |
| 10/31/2011 | | DEFENDANT"S JURY CHARGES | | MTN IN LIMINE TO BIFURCATE PROCEEDINGS/MTN IN LIMINE REGARDING STATEMENTS MADY BY STATE WITNESSES IN REFERENCE TO DEF PRIOR CRIM REC AND TO PRECLUDE THE STATE FROM USING SAID CRIM CONVICTION FOR IMPEACHMENT/ |
| 9/28/2011 | | STATES SUPPLEMENTAL DISCOVERY | | NOTICE OF INTENT TO IMPEACH WITH PRIOR CONVICTIONS/ NOTICE OF INTENT TO INTRODUCE EVIDENCE IN AGGRAVATION/ NOTICE OF RECIDIVIST PROSECUTION/ |
| 9/19/2011 | 10:00AM | PRETRIAL CONFERENCE | PENNY FREESEMANN | |

| Date | Time | Event | Judge | Notes |
|---|---|---|---|---|
| 9/19/2011 | | PRETRIAL CONF SCHED ORDER | | |
| 9/6/2011 | 2:30PM | STATUS CONFERENCE HEARING | PENNY FREESEMANN | |
| 8/8/2011 | | PLEA OF NOT GUILTY | | |
| 8/8/2011 | 09:00AM | CALENDAR CALL | PENNY FREESEMANN | |
| 7/22/2011 | | CONSOLIDATED MOTIONS PACKAGE | | |
| 7/20/2011 4:08:41 PM | | SCREENING | | Initial Case Screening / Scanning |
| 7/20/2011 | | INDICTMENT | | |

[Return to Top]

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

© Copyright 2011 - Chatham County Courts